# ORIGINAL

CLERK'S OFFICE
Atlanta

JUL 18 2003

Clerk

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EUGENE G. HARDIN <br>    Plaintiff, <br><br> vs. <br><br> THE CITY OF ATLANTA; <br> and <br> ANGELIQUE PULLEN, <br> CLARENCE JOHNSON JR., <br> MATTIE SHIELDS, <br> CALVIN CARTER, and <br> JOHN TURNER, in their Individual <br> Capacities and in their Official Capacities <br> as Hearing Officers for the City of Atlanta, <br> Defendants. | Civil Action No. <br><br> 1-03-CV-2025 <br><br> **RWS** <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
Title VII NTC

1

COMES NOW Plaintiff Eugene G. Hardin, under the authority of the Constitution and Laws of the United States and alleges as follows:

1.    In the city of Atlanta, Georgia, there are two courts of law, the City Court of Atlanta and the Municipal Court of Atlanta.    The City Court of Atlanta has jurisdiction over traffic related offenses committed within the city of Atlanta; and the Municipal Court of Atlanta has **subject matter jurisdiction** over all municipal ordinance violations committed within the city of Atlanta excluding those related to traffic. Ga. Constitution Art. VI. Sec. I. Par. I. (1983); O.C.G.A. § 36-32-1(a); City of Atlanta Charter Article 4 section 102 and City of Atlanta Code of Ordinances chapter 62 section 35.

2.    Therefore, when Defendant city of Atlanta forced Plaintiff to appear outside of the judicial system in front of private citizens that illegally and unconstitutionally tried, convicted, sentenced, and punished Plaintiff for allegedly violating municipal ordinances, they did so in **clear absence of all subject matter jurisdiction**.

## JURISDICTION

3.    Plaintiff incorporates by reference as if set forth fully herein paragraphs 1-2 of his complaint.

4.    This action is brought pursuant to Title 42 U.S.C. Sections 1983, 1988, and the First, Fourth, Fifth, Sixth, Eight, Ninth, and Fourteenth Amendments to the United States Constitution and pursuant to Georgia Law.    The sum in controversy

exceeds One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

5.  Jurisdiction is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1343(1)(2)(3)(4) and the aforementioned statutory and Constitutional provisions.

6.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under the Georgia Constitution and the laws of the State of Georgia and pursuant to Title 28 U.S.C. §§ 1367 and 1652.

## VENUE

7.  Plaintiff incorporates by reference as if set forth fully herein paragraphs 1-7 of his complaint.

8.  Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391 because all of the parties to this action reside in and are located within the boundaries of this judicial district. Moreover, the acts and/or omissions alleged herein were committed by Defendants in the Northern District of the State of Georgia.

## PARTIES

9.  Plaintiff incorporates by reference as if set forth fully herein paragraphs 1-8 of his complaint.

10. Plaintiff, Eugene G. Hardin, is a Citizen of the United States of America and a resident of Dekalb County, Georgia.

11. Defendant City of Atlanta, is a Municipal Corporation of the State of Georgia.

12.     Defendant Mattie Shields, is a resident of the State of Georgia and is being sued individually and in her official capacity as a Hearing officer for the city of Atlanta.

13.     Defendant Calvin Carter, is a resident of the State of Georgia and is being sued individually and in his official capacity as a Hearing Officer for the city of Atlanta.

14.     Defendant Angelique Pullen, is a resident of the State of Georgia and is being sued individually and in her official capacity as a Hearing Officer for the city of Atlanta.

15.     Defendant John Turner, is a resident of the State of Georgia and is being sued individually and in his official capacity as a Hearing Officer for the city of Atlanta.

16.     Defendant Clarence Johnson Jr., is a resident of the State of Georgia and is being sued individually and in his official capacity as a Hearing Officer for the city of Atlanta.

## PART 1.

17.     Plaintiff incorporates by reference as if set forth fully herein paragraphs 1-16 of his complaint.

18.     This is an action which arises out of an illegal, unconstitutional ordinance, policy, regulation, statute and custom which has been executed, implemented, and officially adopted by Defendant City of Atlanta causing Plaintiff to be injured,

harmed, damaged and deprived of rights, privileges and immunities secured by the Constitution and the laws of the United States.

19.     The intentional, illegal, and unconstitutional acts, and/or omissions committed by Defendants complained of, individually and collectively deprived Plaintiff of rights, privileges and immunities secured by the Constitution and the laws of the State of Georgia.

20.     The illegal acts, and/or omissions of Defendants complained of herein constituted a deprivation of Plaintiff's constitutional rights, privileges and immunities, and while said acts and/or omissions were performed under the pretense of color of state law, they had no justification in law, but instead were illegal, contrary to well established laws, unconstitutional, fraudulent and deceitful and were committed <u>in clear absence of all subject matter jurisdiction.</u>

21.     Plaintiff has been and continues to be directly and adversely affected, harmed, damaged and injured by the illegal and unconstitutional acts and omissions committed by Defendants as herein complained of.

22.     Plaintiff is entitled to due process of law, equal protection of the laws, access to the courts and to the rights, privileges and immunities secured to him by the First, Fourth, Fifth, Sixth, Eight, Ninth, and Fourteenth Amendments to the United States Constitution.

23.     Plaintiff is entitled to an award of compensatory damages, punitive damages, expenses of litigation, and attorney fees, because of the facts, conditions and circumstances as herein alleged and the grant of further relief as may be just and proper.

## FACTS

24.     Plaintiff incorporates by reference as if set forth fully herein paragraphs 1-23 of his complaint.

25.     The Constitution of the State of Georgia declares that: "*The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court. Magistrate courts, probate courts, juvenile courts, and state courts shall be courts of limited jurisdiction. In addition, the General Assembly may authorize administrative agencies to exercise quasi-judicial powers. **Municipal courts shall have jurisdiction over ordinance violations** and such other jurisdiction as provided by law. Except as provided in this paragraph and in Section X, municipal courts, county recorder's courts and civil courts in existence on June 30, 1983, and administrative agencies shall not be subject to the provisions of this article. The General assembly shall have the authority to confer "by law" jurisdiction upon municipal courts to try state offenses.* " Ga. Const. Art. VI. Sec. I. Par. I. (1983).

26.     Municipal courts have jurisdiction over ordinance violations declares Georgia law. "*Each municipal corporation of this state shall, unless otherwise provided in the local law relating to a particular municipal corporation, be authorized to establish and maintain a **municipal court having jurisdiction over the violation of municipal ordinances** and over such other matter as are by general law made subject to the jurisdiction of municipal courts*". O.C.G.A. § 36-32-1(a).

27.  The Charter for the Defendant City Of Atlanta declares that *"Pursuant to the provisions of Article VI, Section I, of the Constitution of Georgia, and Title 36 of the O.C.G.A, as amended, there shall be in the city a court to be known as the Municipal Court of Atlanta, which shall have a minute book and a seal of appropriate design prescribed by council."* Defendant's Charter Article 4 section 101.

28.  The Charter for the Defendant City of Atlanta declares that its **municipal court has jurisdiction over all city ordinances**. "The municipal court and each judge thereof shall have jurisdiction and power coextensive with the territorial limits of the City of Atlanta, Georgia, to: (1) Try and punish violations of this Charter, all city ordinances, and such other violations as provided by law, except those relating to and regulating traffic." Charter art. 4 section 102.

29.  The Code of Ordinances for Defendant City of Atlanta declares" *Every person accused of violating any section of this Code or any ordinance of the city, other than those sections of this Code or other ordinances relating to and regulating traffic, **shall be tried in the municipal court**. Upon a finding of guilty, the **municipal court** may impose such punishment as is provided for by this Code."* Defendant's Code of Ordinances Sec. 62-35; O.C.G.A. § 36-32-5.

## COUNT I

### 42 U.S.C. § 1983 Violation of Due Process

## COUNT II

### 42 U.S.C. § 1983 Violation of Access to the Courts

## COUNT III

### 42 U.S.C. § 1983 Violation of Equal Protection

30.    Plaintiff incorporates by reference as if set forth fully herein paragraphs 1-29 of his complaint.

31.    On April 19, 2001 Plaintiff, was issued a citation for allegedly not having an "inspection sticker" on his taxi in violation of City of Atlanta municipal ordinance code section 162-42-k. Plaintiff's taxi permit was confiscated, and Plaintiff was commanded to appear before a hearing panel on May 3, 2001.

32.    On May 3, Plaintiff and other taxi drivers assembled before the hearing panel and the proceeding was called into session. In the opening remarks, a Hearing Officer said "...*if you believe honestly in your heart that you are entitled to your day in court, if you will, then this is the place...if you know you can't prove your case Plead guilty, but if you really got evidence that you know will sway us then you are welcome to do it, but nothing magical is going to happen just because you have your day in court, unless you got the right evidence...Eugene Hardin how do you plead?"* Plaintiff "*I object to the proceeding.*" So Defendant Hearing Officers reset Plaintiff's case for a May 17, 2001 hearing.

33.    On May 17, 2001 at the hearing, Plaintiff demanded that his case be sent to the Municipal Court of Atlanta. Defendant Hearing Officers agreed to do so.

34.    But Defendant City of Atlanta refused to allow Plaintiff's case to go before the Municipal Court. Defendant City of Atlanta gave notice to Plaintiff that his cases had to be adjudicated by the Hearing panel according to the policy set forth in the

8

city code of ordinances. Defendant City of Atlanta demanded that Plaintiff appear on July 19, 2001 in front of a hearing panel to answer charges that were pending against him.

35.    On July 19, 2001 Plaintiff appeared before the hearing panel which was comprised of three Hearing Officers. The room was filled with other taxi drivers facing similar charges. In addition, there were taxi inspectors, a police officer, and other city of Atlanta employees at the proceedings. Witnesses testified against the taxi drivers during the hearings. At no time during the hearings was any taxi driver given or advised about any rights that they may have had under the Constitution and laws of the United States.

36.    On July 19, 2001 Plaintiff, without the benefit of council, was forced to trial in front of the hearing panel comprised of private citizens.   The Hearing panel declared Plaintiff to be Guilty of the charges pending against him and issued a sentence of several fines. Plaintiff paid the fines under duress.

37.    On January 30, 2002 Plaintiff was cited by a taxi inspector for an alleged violation of a municipal ordinance and commanded to appear before the hearing panel on February 7, 2002. Plaintiff objected to the proceeding and was declared to be guilty by the Hearing Officers. Plaintiff was sentenced to pay a fine.

38.    Under an adopted ordinance, the Defendant City of Atlanta forced Plaintiff to appear before hearing panels comprised of private citizens for allegedly violating city of Atlanta municipal ordinances.

39.    The Municipal Court of Atlanta has **subject matter jurisdiction** over all municipal ordinance violations committed within the city of Atlanta excluding

those related to traffic. Therefore, when Defendants forced Plaintiff to trial, without the benefit of counsel, and illegally convicted and sentenced Plaintiff for allegedly violating municipal ordinances, they did so **in clear absence of all subject matter jurisdiction.**

40. Defendants' actions deprived Plaintiff of his rights to due process of law, equal protection of the laws, access to the courts and to the rights, privileges and immunities secured to him by the First, Fourth, Fifth, Sixth, Eight, Ninth, and Fourteenth Amendments to the United States Constitution.

41. Plaintiff is entitled to recover from Defendants for these intentional violations compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and whatever other further relief the court deems just and proper.

42. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights and in clear absence of all subject matter jurisdiction thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

**WHEREFORE** Plaintiff prays that this Court:

(a)   award Plaintiff compensatory and punitive damages for Defendants intentional violations of 42 U.S.C. § 1983;

(b)   award Plaintiff attorney fees and costs pursuant to 42 U.S.C. § 1988;

(c)   award Plaintiff expenses of litigation pursuant to O.C.G.A. § 13-6-11;

(d)   award Plaintiff any additional relief that this Court deems just and proper.

Respectfully submitted this _18_ day of July, 2003.

Eugene Hardin, Pro Se
P.O. Box 33813
Decatur, Georgia 30033