FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

SEP 3 0 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| EUGENE HARDIN, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
|  | : | 1:03-CV-2025-RWS |
| THE CITY OF ATLANTA, et al., | : | |
| Defendants. | : | |

## ORDER

Now before the Court for consideration are Defendants' Motion to Dismiss [13-1], Plaintiff's Motion to Amend [19-1], Plaintiff's Motion to Supplement Response [28-1], Defendants' Motion for Summary Judgment [30-1], Plaintiff's Motion to Compel [33-1], Plaintiff's Motion for a Continuance [35-1], Plaintiff's Motion to Strike [49-1], Plaintiff's Motion for an Extension of Time [50-1], Plaintiff's Motion for a Declaratory Judgment [51-1], Defendants' Motion to Substitute Exhibit [52-1], and Plaintiff's Motion to for Leave to Amend Motion to Extend the time to File Summary Judgment Motion [54-1]. After considering the entire record and the arguments of the parties, the Court enters the following Order.

AO 72A
(Rev.8/82)

## Background

### I.    Factual Background

Plaintiff Eugene Hardin is a taxi driver who holds a taxi permit issued by the City of Atlanta. (Am. Compl. [10] ¶ 39.) Mr. Hardin has asserted claims against the City of Atlanta and various hearing officers including Angelique Pullen, Clarence R. Johnson, Jr., Mattie Shields, Calvin Carter, Eva Davis, John Sparks, Jr., and John M. Turner, Jr. in their individual capacities and in their official capacities.   This case arises out of Mr. Hardin's suit challenging the City of Atlanta's use of an independent hearing panel to hear administrative cases regarding the violation of City of Atlanta ordinances that regulate taxi drivers.

On April 19, 2001, Mr. Hardin was issued a citation for failure to have an inspection sticker on this taxi in violation of City of Atlanta municipal ordinance code section 162-42(k). Mr. Hardin's taxi permit was confiscated and he was set to appear before hearing officers on May 3, 2001. (Am. Compl. ¶ 39.) At the hearing on May 3, 2001, Mr. Hardin objected to the proceeding and his hearing was rescheduled for May 17, 2001. (Id. ¶ 41.) At that time Mr. Hardin demanded that his case be heard by the Municipal Court of Atlanta and

2

the hearing officers agreed to send his case there.  The City of Atlanta,

however, refused to permit Mr. Hardin's case to be heard by the Municipal

Court and required that his cased be adjudicated by the hearing officers.  Mr.

Hardin then appeared before a hearing panel on July 19, 2001.  (Id. ¶ 44.)  He

contends that at the hearing he was not advised about any rights under the

Constitution or the laws of the United States or Georgia and that he was not

provided counsel.  Mr. Hardin was found guilty of the charges against him and

was issued several fines.  (Id. ¶ 45.)  Plaintiff also complains of similar

instances before the hearing panel when he was charged with violations in

2002 and 2003.

## II.    Atlanta City Code

The City of Atlanta Code of Ordinances (hereinafter "City Code"),

Chapter 162 entitled "Vehicles for Hire," provides that before a person may

operate a taxicab in the City of Atlanta, he must first obtain a permit.  (City

Code §162-76.)  Also, no vehicle for hire can be operated within the City of

Atlanta without valid certificate of public necessity, "CPNC," issued by the

City.  (Id. § 162-56.)

In addition, the City Code sets forth procedures for the denial,

3

non-renewal, suspension and revocation of a permit to operate a

taxicab.  Specifically, City Code §§ 162-29 and 162-84 provide the Chief of

Police with the authority to revoke, suspend, fine or refuse to renew any

taxicab driver's permit issued by the City . Furthermore, City Code §162-84(c)

provides as follows :

> No driver's permit issued by the city shall be revoked
> or suspended except upon a finding of due cause as
> defined in subsection (b) of this section and after a
> hearing and upon a prior five-day written notice to the
> company stating the place, date, time and purpose of
> such hearing and setting forth the charges upon which
> the hearing shall be held.  The hearing shall be held
> within 15 days of the date the notice is issued.

Further, City Code § 162-29(a), which authorized the

creation and composition of the Hearing Panel, states :

> (a) The mayor shall have the authority to appoint 16
> hearing officers for the purpose of acting as fact
> finders regarding charges brought by the bureau
> against individuals and entities for violation of this
> article.  Each hearing officer shall be appointed for a
> two-year term and shall receive $75 .00 for each day
> or part thereof the hearing officer appears for hearing.
> Six of the hearing officers shall be attorneys at law
> with at least three years in the practice of law.  A
> panel of three hearing officers shall be designated by
> the director for each case heard.  Each panel shall
> have at least one attorney at law but shall not have

4

> more than two attorneys.  No person shall be
> appointed as a hearing officer who holds any interest
> in any licenses issued under the police powers of the
> city or who represents any interest which may be
> adverse to that of the city.

City Code §162-29(c) provides that :

> After hearing evidence on the charges presented by
> the bureau and the individual entity charged, the
> panel of hearing officers shall issue findings of fact
> and shall render a recommendation as to any penalties
> or fines in writing with reasons for the
> recommendation.  Such findings and
> recommendations shall be submitted to the police
> chief, whose decision shall be final, subject to the
> writ of certiorari as provided by law .

Also, City Code § 162-29(h) provides that :

> The bureau shall tape record each hearing, and such
> recording with any documentation presented to the
> hearing panel shall constitute the official record of the
> hearing .

The Atlanta City Code also sets forth the activity that constitutes "due cause" for purposes of the above cited sections.  If the police chief sustains the charge, he may deny, revoke or suspend the driver's permit, or in lieu thereof, fine the accused up to $1,000.  (Id. §162-84(d).)  The punishment the police chief may impose for certain Vehicles for Hire Code violations is set forth in

5

City Code § 162-43.

Mr. Hardin asserts that these proceedings have deprived him of "due process of law, equal protection of the laws, the benefit of counsel, trial by jury, access to the courts, and to the rights, privileges and immunities secured to him by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983." (Am. Compl. ¶ 58.)[1]

## Discussion

As a preliminary matter, the Court will address certain motions before addressing the substantive motions. First, as an exhibit to their Motion for Summary Judgment, Defendants filed what purported to be a certified copy of Chapter 162, titled "Vehicles for Hire," of the 1995 Code of Ordinances of the City of Atlanta, Georgia. Plaintiff filed a Motion to Strike asserting that the copy had been altered. Defendants filed a Motion to Substitute Exhibit. Defendants explained that through a clerical mistake the previous copy of Chapter 162 that it had submitted was a two-sided document, but only one side

---

[1]The Court refers to this procedure as the "Hearing Panel" or the "Hearing Panel procedure."

had been copied. Accordingly, Plaintiff's Motion to Strike [49-1] is hereby **DENIED**. Defendants' Motion to Substitute and Exhibit [52-1] is hereby **GRANTED**.

Plaintiff has filed a motion for leave to amend the complaint. Plaintiff has not, however, filed a proposed amended complaint. After a responsive pleading has been filed, a party may amend his pleading only by leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). While the rule provides that, "leave shall be freely given when justice so requires," id., granting leave to amend is not automatic. Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd., 79 F. 3d 480, (5th Cir. 1996) ("approval of motion to amend is not automatic"); Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993) ("leave to amend is by no means automatic"); Faser v. Sears Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

The Court finds that Plaintiff's amendment would follow undue delay

7

and would be futile.  Plaintiff filed for leave to amend the complaint in

response to the individual Defendants' Motion to Dismiss.  Although Plaintiff

did not file with his motion a proposed second amended complaint, Plaintiff

did file a response to Defendants' Motion to Dismiss.  (Pl.'s Mem. of Law in

Resp. to Defs.' Mot. to Dismiss [17].)  Even construing Plaintiff's response

broadly, it raises purely legal arguments regarding the authority of the City of

Atlanta to conduct the Hearing Panel procedure.  Since Plaintiff's response

does not make any new factual allegations against any of the individual

defendants, the Court finds that Plaintiff's amendment would be futile.[2]

Plaintiff repeatedly asserts that the City of Atlanta lacked the authority to

confer any discretionary authority on the individual defendants, but never

alleges that the individuals acted outside the scope of the authority they were

granted.  Accordingly, Plaintiff's Motion for Leave to Amend Complaint [19-1]

is hereby **DENIED.**

---

[2]Notably, nowhere in Plaintiff's Amended Complaint or Response does the
Plaintiff identify any individual hearing officers by name.  Plaintiff admitted in his
amended complaint that the individual hearing officers have the authority to hold
hearings, hear evidence and act as fact finders. (Am. Compl. ¶ 35.)

## I.     Individual Defendants' Motion to Dismiss based on Qualified Immunity

The individual Defendants have moved for dismissal and assert that they are entitled to qualified immunity.[3]  Plaintiff responds that the individual Defendants were not acting within their discretionary authority.  Plaintiff asserts that the Municipal Court has the exclusive jurisdiction to hear cases regarding municipal ordinance violations and that the Hearing Panel procedure is therefore improper.

Qualified immunity protects government officials performing discretionary functions from being sued in their individual capacities.  See Wilson v. Layne, 526 U.S. 603, 609, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999).  To be eligible for qualified immunity, the official must show that he was acting within the scope of his discretionary authority.  O'Rourke v. Hayes, 378 F.3d 1201, 1205 (11th Cir. 2004).  The Court asks whether the government employee was (a) performing a legitimate job-related function, (b) through means that were within his power to utilize– looking to the general nature of

---

[3]Plaintiff asserted claims against Angelique Pullen, Clarence Johnson, Jr., Mattie Shields, Calvin Carter, John Turner, Eva Davis, and John Sparks, Jr. in their individual and official capacities.  The motion to dismiss on the basis of qualified immunity relates to these individuals in their "individual capacities."

the defendant's action. Id.

Once a government official demonstrates that he is potentially entitled to

qualified immunity, the burden shifts to the plaintiff to demonstrate that the

official is not actually entitled to it. Id. Officials are shielded "insofar as their

conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S.

800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The qualified immunity

analysis consists of a two-step analysis. First, the court addresses the

"threshold question" of whether the facts as alleged, viewed in the light most

favorable to the plaintiff, establish a constitutional violation. Saucier v. Katz,

533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Only if there is

a constitutional violation does the court proceed to the second step to determine

whether that right was clearly established. Id.

A constitutional right is clearly established "only if its contours are

'sufficiently clear that a reasonable official would understand what he is doing

violates that right.' " Vaughan v. Cox, 316 F.3d 1210, 1212 (11th Cir. 2003)

(quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed.

2d 523 (1987)). While the fact patterns of prior cases used to show that a right

10

is clearly established need not be "fundamentally similar" or even "materially similar," the salient question is whether the law at the time of the alleged violation gave officials "fair warning" that their acts were unconstitutional. Holmes v. Kucynda, 321 F.3d 1069, 1078 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 740, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)). When qualified immunity is asserted in the context of a motion to dismiss, the Court looks to the pleadings to see if the plaintiff has successfully alleged the violation of a clearly established right. O'Rourke, 378 F.3d at 1206. Qualified immunity is a question of law for the court. Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Here, Plaintiff generally argues that Defendants acted outside of their discretionary authority. Plaintiff contends that only the Municipal Court has jurisdiction to hear cases regarding municipal ordinance violations. Plaintiff states that "Defendant City of Atlanta could not give discretionary authority to Defendant Hearing Officers to affect the jurisdiction of any court because the State of Georgia through its Constitution and Supreme Court said that a city or county has no authority to affect the jurisdiction of any court as held under the doctrine of preemption." (Pl.'s Resp. to Mot. to Dismiss [17] ¶ 15.)

11

The Court finds that Plaintiff has not alleged any facts to suggest that the individual Defendants' acted outside the scope of the discretionary authority granted to them by the City of Atlanta. Nothing in Plaintiff's complaint, amended complaint or even response to the motion to dismiss allege that Defendants were acting in any other capacity than as hearing officers pursuant to the Hearing Panel procedure. Therefore, the Court finds that Defendants were exercising authority that fell within their job responsibilities as hearing officers. See O'Rourke, 378 F.3d at 1205. Moreover, though Plaintiff argues to the contrary, the creation of the Hearing Panel was within the authority of the City.[4]

Having determined that the hearing officers were acting within the scope of their discretionary authority, the Court must next inquire whether Plaintiff has suffered the violation of a constitutional right. Saucier, 533 U.S. at 201. Plaintiff contends that he as suffered deprivation of due process, access to the courts, equal protection, the right to counsel, trial by jury and other "rights, privileges and immunities secured to him by the First, Fourth, Sixth, Eighth,

---

[4]See infra II.A. (discussing propriety of Hearing Panel procedure and state law preemption).

Ninth and Fourteenth Amendments to the United States Constitution." The Court will analyze each of Plaintiff's allegations in turn.

### A.   Deprivation of substantive due process

To establish a violation of constitutional due process a plaintiff must show a protected property or liberty interest and that he was deprived of that interest without due process of law. Paul v. Davis, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). The Eleventh Circuit Court of Appeals has held that "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.' " McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985) (Powell, J., concurring)). In this case, Plaintiff's ability to have a taxi driver permit does not fall within the ambit of protection afforded for substantive due process because it is not a "fundamental" right created by the United States Constitution.   Plaintiff has not suffered a deprivation of substantive due process.

13

## B.   Deprivation of procedural due process

The Court finds that Plaintiff may not state a claim for violation of federal procedural due process because an adequate state remedy exists. See Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1238 (11th Cir. 2003) ("Because an adequate post-deprivation process is in place under state law, no federal procedural due process claim exists."). Under City Code § 162-29(c), Plaintiff may file a petition with a Superior Court of Georgia for a writ of certiorari to correct any procedural defects in the Hearing Panel procedure. See O.C.G.A. § 5-4-1. Therefore, Plaintiff has not stated a claim for a procedural due process violation[5].

## C.   Deprivation of equal protection

Plaintiff has failed to state a claim under equal protection. In order to state a claim for equal protection, Plaintiff must allege that through state action, similarly situated persons have been treated disparately." Draper v. Reynolds, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004). To the contrary, Plaintiff alleges that he was required to appear before the Hearing Panel where

---

[5]Plaintiff does not contend that he failed to receive notice of the hearing or that he was not given the opportunity to be heard at the Hearing Panel procedure. In fact, Plaintiff did appear before the Hearing Panel and objected to the proceeding.

14

"Plaintiff and other taxi drivers assembled before the hearing panel." (Am.
Comp. ¶ 40.) Plaintiff further states that he appeared before a hearing panel
and that "[t]he room was filled with other taxi drivers facing similar charges."
(Am. Compl. ¶ 44.) Accordingly, Plaintiff has failed to allege facts which
would demonstrate that he has suffered a violation of equal protection.

### D.    Deprivation of Sixth Amendment rights

Plaintiff contends that he was deprived of his right to trial by jury and of
right to appointed counsel by the Hearing Panel procedure. The Court finds,
however, that Plaintiff has not suffered a deprivation of rights under the Sixth
Amendment. Pursuant to City Code § 162-84(d), the maximum penalty that
could be imposed against Plaintiff is the revocation or suspension of his taxi
permit, or the imposition of a fine not to exceed $1,000. (City Code § 162-
84(d).) It is undisputed that Plaintiff is not subject to any term of imprisonment
for violation of the city ordinances. Accordingly, Plaintiff is not entitled to a
jury trial. Lewis v. United States, 518 U.S. 322, 327, 116 S. Ct. 2163, 135 L.
Ed. 2d 590 (1996) (holding that there is no right to a jury trial for crimes where
the term of imprisonment is six months or less); Geng v. State, 578 S.E.2d 115
(Ga. 2003) (recognizing that right to trial by jury does not encompass

15

violations of local or municipal ordinances which are not also crimes under the state code).

Likewise, Plaintiff is not entitled to appointed counsel. The Sixth Amendment only guarantees the right to counsel in "criminal prosecutions." Since Plaintiff is not subject to a term of imprisonment at all, he is not entitled to appointed counsel. See Alabama v. Shelton, 535 U.S. 654, 662, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (applying "actual imprisonment" standard and holding that defendant is entitled to appointed counsel where suspended sentence may result in imprisonment). In Georgia, it is established that the violation of a municipal ordinance is not a crime. Beaman v. City of Peachtree City, 567 S.E.2d 715, 717 (Ga. Ct. App. 2002) ("violations of municipal ordinances are still not considered to be violations of the criminal laws of this state"); see O.C.G.A. § 16-2-1 (defining "crime" as a violation of a state statute).

**E.      Deprivation of Other Constitutional Rights**

Plaintiff also generally alleges the violation of rights under the First, Fourth, Fifth, Sixth, Eighth and Ninth Amendments. First of all, that Plaintiff was not charged with a "crime" prevents him from asserting various claims under the Fourth, Fifth, Sixth, and Eighth Amendments. Additionally,

16

Plaintiff's conclusory allegations fail to state a claim as to any other alleged constitutional deprivation.

Accordingly, the Court finds that Plaintiff has failed to establish that he has suffered a constitutional violation. Therefore, the Court need not consider whether any rights were clearly established. The individual Defendants are entitled to qualified immunity and Plaintiff's claims as to these Defendants are hereby **DISMISSED with prejudice**.

## II.     Motion for Summary Judgment

Defendant the City of Atlanta and the individual Defendants in their official capacities have moved for summary judgment. Suits against the individuals in their official capacity are the same as suits against the City of Atlanta. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (stating that suits against municipal officers are in actuality suits directly against the city that the officers represent). The Court will therefore refer solely to Defendant City of Atlanta ("the City"). As against the City, Plaintiff alleges that the City Code is preempted by state law, that the Hearing Panel procedure is unconstitutional and additionally asserts state law claims.

17

### A.    State law preemption

Defendant City of Atlanta moves for summary judgment and asserts that

the City Code is not preempted by Georgia law.  The doctrine of state

preemption is based on the concept that statutes of the state legislature control

over local ordinances.  Franklin County v. Fieldale Farms Corp., 507 S.E.2d

460, 461 (Ga. 1998).  Generally, preemption is based on legislative intent.  Id.

A state law may preempt a local law expressly, by implication or by conflict.

Id.  There is "no conflict when the local law did not impair the general law's

operation but rather augmented and strengthened it."  Id. at 463; see

Grovenstein v. Effingham County, 414 S.E.2d 207, 210 (Ga. 1992) (finding

local ordinance was not preempted by state law where local ordinance

prohibited sale of alcohol to minor in a more specific set of circumstances).

In this case, the Court finds that state law authorizes the City to use the

Hearing Panel procedure to hear violations of the city ordinances for those who

hold a City issued taxi driver permit, such as Plaintiff.  Under § 1-102(c)(36) of

the City's charter, the City has the power to "regulate and license vehicles

operated for hire in the city," and to "require the operators thereof to be

licensed."  1996 Ga. L. (Act. No. 1019) at 4469.  This provision of the City's

18

Charter has been held to constitute a specific grant of police power from the State to the City of Atlanta to regulate public transporters. Executive Town & Country Servs., Inc. v. City of Atlanta, 789 F.2d 1523, 1529-30 (11th Cir. 1986) ("Historically the city has regulated public transporters pursuant to the police power granted the city by the State of Georgia.").

In addition, the City Charter, which was approved by the Georgia Legislature in 1996, provides that a city's legislature may "have the authority to create commissions, councils, boards, authorities or other similar bodies which shall perform duties prescribed by the council, including . . . holding hearings." 1996 Ga. L. (Act No. 1019) at 4469 § 3-401(a). Read in conjunction with § 1-102(c)(36), the Court finds that Hearing Panel procedure used in this case is authorized and is not preempted by state law.

Plaintiff responds that O.C.G.A. § 36-35-6(a)(6) prohibits a municipality from taking action affecting the jurisdiction of any court. Primarily, Plaintiff contends that the Municipal Court of Atlanta has subject matter jurisdiction over all municipal ordinance violations. What Plaintiff fails to acknowledge, however, is that the Municipal Court of Atlanta is not granted exclusive jurisdiction. As already stated, the City has the authority to use administrative

19

agencies to hear matters involving ordinance violations.

**B.     Constitutional deprivations**

For the reasons discussed above by the Court in granting the individual

defendants' qualified immunity, the Court similarly finds that the City of

Atlanta is entitled to judgment as a matter of law regarding Plaintiff's

constitutional claims.

**C.     State law Anti-Litem Notice**

Defendants contend that Plaintiff may not maintain his state law claims

because he failed to give anti-litem notice to the City of Atlanta prior to the

filing of the suit.  Pursuant to O.C.G.A. § 36-33-5, as a condition precedent to

bringing suit against a municipal corporation for damages resulting from

injuries to person or property, that the claim shall have been presented to the

municipal authorities within six months of the "happening of the event upon

which" the claim is predicated.  See City of Chamblee v. Maxwell, 452 S.E.2d

488, 489-90 (Ga. 1994).  Here, Plaintiff filed his original complaint on July 18,

2003, and failed to allege that he had complied with the anti-litem notice

requirement.  This failure is sufficient for the Court to find that Plaintiff's state

law claims should be dismissed.  Dague v. Riverdale Athletic Assoc., 99 F.R.D.

325, 327 (N.D. Ga. 1983).   Furthermore, Plaintiff alleges in his amended

complaint that it serves as the anti-litem notice.   It is clear, however, that it was

not presented to the City *prior to* Plaintiff filing suit and is insufficient.[6]

Accordingly, Plaintiff's state law claims are due to be dismissed.

### Conclusion

Plaintiff's Motion to Strike [49-1] is hereby **DENIED**.   Defendants'

Motion to Substitute and Exhibit [52-1] is hereby **GRANTED**.   Plaintiff's

Motion for Leave to Amend Complaint [19-1] is hereby **DENIED**.   Because

the individual Defendants' are entitled to qualified immunity, Defendants'

Motion to Dismiss [13-1] is hereby **GRANTED**.   Plaintiff's claims against

Angelique Pullen, Clarence R. Johnson, Jr., Mattie Shields, Calvin Carter, Eva

Davis, John Sparks, Jr., and John M. Turner, Jr. in their individual capacities

are hereby **DISMISSED with prejudice.**   Defendants' Motion for Summary

---

[6]It further appears that even if Plaintiff's amended complaint could properly serve as anti-litem notice, it was untimely.  Plaintiff states that he appeared before the Hearing Panel in May and July 2001, on February 7, 2002 and on September 11, 2003.  The Amended Complaint was filed on November 19, 2003.  Therefore, as to the hearings held in 2001 and 2002 notice filed in November 2003 would be out of time because it would not be within six months of the happening of the event on which the claim is based. Notably, Plaintiff's original complaint was filed on July 18, 2003, and there is no evidence that Plaintiff gave any notice regarding the hearing held in September 2003 prior to the initiation of the suit or the assertion of that claim.

Judgment is hereby **GRANTED**.  All remaining motions are **DENIED as**

**moot.**  The Clerk is directed to close this case.

SO ORDERED this _3oth_ day of September, 2004.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)